UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD ESTES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| VS. | ) No. 16-1256-JDT-jay |
| | ) Crim. No. 07-10083-JDT |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, James Edward Estes. For the reasons stated below, the Court DENIES Estes's § 2255 motion.

On February 27, 2008, Estes entered a guilty plea to a indictment charging him with one count of possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 07-10083, Crim. ECF Nos. 30 & 32.) In the written plea agreement, Estes waived his right to appeal the conviction except for the Court's denial of his motion to suppress. (*Id.* Crim. ECF No. 31.) At the sentencing hearing on July 1, 2008, the Court determined, based on his prior felony convictions, that Estes qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1] *See also* U.S.S.G. § 4B1.4. He was sentenced to a 204-month

---

[1] The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

term of imprisonment and a three-year period of supervised release. (No. 07-10083, Crim. ECF Nos. 37 & 39.) On appeal, the Sixth Circuit affirmed the denial of the motion to suppress. *United States v. Estes*, 343 F. App'x 97 (6th Cir. 2009), *cert. denied*, 558 U.S. 1134 (2010).

Estes filed a timely motion pursuant to 28 U.S.C. § 2255 on January 11, 2011, which was denied. *Estes v. United States*, No. 11-1012-JDT-egb (W.D. Tenn. Feb. 26, 2014), *certif. of appealability denied*, No. 14-5362 (6th Cir. Aug. 27, 2014).

The Sixth Circuit subsequently granted Estes's application for permission to file a second or successive § 2255 motion challenging the constitutionality of his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and transferred the matter to this Court. *In re Estes*, No. 16-5829 (6th Cir. Sept. 23, 2016). The Government filed a response to the motion as directed by the Court. (ECF No. 21.) Despite requesting and being granted leave to file a reply, (ECF No. 23), Estes chose not to do so.

> Pursuant to § 2255(a):
>
> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not

2

entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements" or "use-of-force" clause), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses" clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual" clause). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson v. United States*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

The prior convictions originally qualifying Estes for an ACCA-enhanced sentence were: (1) a 1969 North Carolina federal conviction for coercing a female to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(b); (2) a 1982 Tennessee state conviction for aggravated assault; (3) a 1987 Tennessee state conviction for aggravated assault; and (4) a 1988 Tennessee federal conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). (Presentence Report (PSR) ¶¶ 23, 26, 27 & 29.) In the application to file a second or successive § 2255 motion, Estes asserted only that his 1969 conviction had been deemed an ACCA predicate under the residual clause and could no longer be counted after the decision in *Johnson*. (ECF No. 2 at PageID 9.) However, in granting leave to file the successive motion, the

Sixth Circuit noted that Estes's Tennessee convictions for aggravated assault also may be affected by *Johnson*. The Court of Appeals cited *United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011), in which it was held that Tennessee aggravated assault is not categorically a violent felony under the ACCA's use-of-force clause because the statute can be violated by reckless as well as intentional conduct. *In re Estes*, No. 16-5829, slip op. at 2. Estes then filed an amended § 2255 motion in which he also challenges his convictions for aggravated assault, (ECF No. 12); though he does not specifically state his grounds for doing so, the Court presumes he contends those convictions are invalid on the potential ground identified by the Sixth Circuit.

In order to determine whether a prior conviction is a violent felony under the ACCA, courts must use the "categorical approach" prescribed in *Taylor v. United States*, 495 U.S. 575 (1990). Under that approach, courts look "only to the statutory definitions of the prior offense, and not to the particular facts underlying those convictions." *Id.* at 600. If a statute's elements are the same as the "generic" offense, the conviction can be an ACCA predicate. *Descamps v. United States*, 570 U.S. 254, 261 (2013) (citing *Taylor*). However, if the statute "sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.*

If the statute in question is "divisible," listing "potential offense elements in the alternative," *id.* at 260, courts use a "modified categorical approach" to determine which of those alternative elements was the basis of the conviction. *Id.* at 262-63. In making that determination, courts may examine documents such as charging papers, jury instructions, plea agreement, the transcript of a plea colloquy, or some other "comparable judicial record" showing that the defendant admitted the generic elements of the offense. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602.

4

The United States does not formally concede that Estes's conviction for coercing a female to travel in interstate commerce to engage in prostitution is not still a crime of violence under the ACCA.  (ECF No. 21 at PageID 150.)  However, the Government does acknowledge that at least one other federal appellate court had held that a violation of 18 U.S.C. § 2422(a) qualified as a crime of violence under 18 U.S.C. § 16(b), a provision that is similar to the ACCA's residual clause.[2]  *See United States v. Keelan*, 786 F.3d 865, 871 (11th Cir. 2015).  In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court invalidated § 16(b) using the same reasoning stated in *Johnson*.  Given the similarity of the residual clauses, it seems to follow that if 18 U.S.C. § 2242(a) qualified as a crime of violence only under § 16(b), it also would qualify as a crime of violence only under the residual clause of the ACCA rather than under the use-of-force clause.  For purposes of this order, the Court will assume that Estes's § 2242(a) conviction for coercing a female to travel in interstate commerce to engage in prostitution cannot be counted as an ACCA predicate.

The Government contends that even if the conviction under 18 U.S.C. § 2242(a) is disregarded, Estes still has two Tennessee state convictions for aggravated assault and a federal drug conviction that qualify him as an armed career criminal under the ACCA.[3]

At the time of Estes's 1982 and 1987 aggravated assault convictions, the versions of the statute in effect at the time, Tennessee Code Annotated § 39-2-101(b), were very similar.  The first

---

[2] Eighteen U.S.C. § 16 has a use-of-force clause, also similar to that in the ACCA, defining a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 16(a).

[3] Estes asserts that if the Tennessee state convictions are not counted he no longer qualifies for an ACCA sentence, but he does not actually argue that his prior federal drug conviction is not an ACCA predicate.

5

four subdivisions were essentially identical in both versions, providing that a person was guilty of aggravated assault if he:

> (1) Attempts to cause or causes serious bodily injury to another willfully, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> (2) Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon;
>
> (3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession; or
>
> (4) Being the parent or custodian of a child or the custodian of an adult, willfully or knowingly fails or refuses to protect such child or adult from an aggravated assault described in (1), (2), or (3) above.

Tenn. Code Ann. § 39-2-101(b) (1982). The version in effect in 1987 had added a fifth subdivision providing that a person could be convicted of aggravated assault if that person:

> (5) After having been enjoined, restrained, or otherwise prohibited by a diversion order, condition of probation or other court order from initiating contact with a person, is twice convicted of committing battery on such person; provided, however, the battery described in this subdivision shall not constitute aggravated battery unless the defendant had actual knowledge that he or she was prohibited by an injunction, court order or condition of probation from initiating contact with the victim of the battery.

Tenn. Code Ann. § 39-2-101(b)(5) (1986); *see also Dillard v. United States*, 768 F. App'x 480, 482-83 (6th Cir. 2019) (discussing the statutory versions in effect for 1984 and 1987 convictions for Tennessee aggravated assault).

The Tennessee state courts, in applying yet another similar version of the aggravated assault statute, treated the various subsections as alternative elements. *See, e.g., State v. Slack*, No. 62, 1991 WL 231111, at *1-2 & n.1 (Tenn. Nov. 12, 1991) (Discussing a version that had added a sixth subdivision and stating, "[t]he indictment in this matter, although inartfully drawn, can be interpreted to charge . . . any of the three forms of aggravated assault covered in the trial court's

6

jury instructions."). The various subsections of the versions of the statute under which Estes was convicted are thus divisible.

The Sixth Circuit held in *McMurray* that the Tennessee aggravated assault statute in effect in 1993, Tennessee Code Annotated § 39-13-102, encompassed reckless conduct and was not categorically a crime of violence under either the use-of-force clause or the residual clause of the ACCA. 653 F.3d at 373 77. The Government does not dispute that the earlier versions under which Estes was convicted similarly encompassed reckless conduct. However, the decision in *McMurray* has been repudiated by the Sixth Circuit.

In *Voisine v. United States*, 136 S. Ct. 2272 (2016), the Supreme Court addressed 18 U.S.C. § 922(g)(9), which prohibits a person convicted of a "misdemeanor crime of domestic violence" from possessing a firearm or ammunition with a connection to interstate commerce. Section 921(a)(33)(A) defines "misdemeanor crime of domestic violence" to include misdemeanors that have, "as an element, the use or attempted use of physical force." The Supreme Court explained that "[n]othing in the word 'use' . . . indicates that § 922(g)(9) applies exclusively to knowing or intentional domestic assaults." 136 S. Ct. at 2278. "A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Id.* at 2280.

Following *Voisine*, a panel of the Sixth Circuit held that a crime requiring only recklessness can be a crime of violence under the Career Offender Guideline, U.S.S.G. § 4B1.2(a), stating, "[i]n sum, the argument that crimes satisfied by reckless conduct categorically do not include the 'use of physical force' simply does not hold water after *Voisine*." *United States v. Verwiebe*, 874 F.3d 258, 264 (6th Cir. 2017). In *United States v. Harper*, 875 F.3d 329, 330 (6th Cir. 2017), another case involving the Career Offender Guideline, a different panel of the Sixth Circuit specifically

applied *Verwiebe* to a Tennessee conviction for aggravated assault, while expressing disagreement with that decision. *Verwiebe* also was applied in the context of the ACCA and Tennessee aggravated assault in both *Dillard*, 768 F. App'x at 484-87, and *United States v. Davis*, 900 F.3d 733, 736 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1374 (2019).

In the PSR prepared by the Probation Office in this case, both the 1982 and the 1987 Tennessee aggravated assault convictions are described as involving charges of assault with a firearm. (PSR ¶¶ 26 & 27.) Estes has never objected to those descriptions and does not now assert that his prior convictions were not specifically for assault with a firearm. Thus, the convictions could not have been under subsection (b)(4) of Tennessee Code Annotated § 39-2-101, involving a parent's failure to protect a child, or under subsection (b)(5), involving committing battery in violation of an order of protection. Because it is now the law in the Sixth Circuit that reckless conduct satisfies the use-of-force clause of the ACCA, convictions under subsections (b)(1), (b)(2) and (b)(3) of the Tennessee statute qualify as violent felonies.

Unless overturned or abrogated, the decisions in *Verwiebe*, *Harper*, *Davis*, and *Dillard* compel the conclusion that even if Estes's 1982 and 1987 Tennessee aggravated assault convictions involved reckless conduct, both are properly counted as ACCA predicate offenses.

Having considered Estes's § 2255 motion and the entire record in this case, the Court finds he was properly sentenced and is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing.  28 U.S.C. §§ 2253(c)(2)-(3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability.  It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Estes would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                       s/ **James D. Todd**
                                       JAMES D. TODD
                                       UNITED STATES DISTRICT JUDGE